**SZAFERMAN, LAKIND,**
 **BLUMSTEIN & BLADER, P.C.**
101 Grovers Mill Road, Suite 200
Lawrenceville, NJ 08648
By:  Robert E. Lytle, Esq.
Tel:   (609) 275-0400
Fax:   (609) 275-4511
rlytle@szaferman.com
*Attorneys for Plaintiff, Air Ambulance Billing, LLC*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AIR AMBULANCE BILLING, LLC, <br><br> Plaintiff, <br><br> -v- <br><br> OXFORD HEALTH PLANS (NJ), INC. <br><br><br><br> Defendant. | CIVIL ACTION <br> CASE NO. <br><br> *Document Filed Electronically* <br><br> **COMPLAINT AND JURY DEMAND** |

Plaintiff, Air Ambulance Billing, LLC, having an address of 2301 S. Yeager Drive, Suite 2, Chandler, AZ 85286, by way of Complaint against Defendant Oxford Health Plan (NJ), Inc., alleges and says:

### JURISDICTION AND VENUE

1. Plaintiff, Air Ambulance Billing, LLC ("Plaintiff" or "AAB") is a limited liability company organized and existing under the laws of the State of Arizona with its principal place of business in Arizona.

2. Defendant, Oxford Health Plans (NJ), Inc. ("Defendant" or "Oxford") is a corporation organized and existing under the laws of the State of New Jersey

2592617.2

having its principal place of business at 48 Monroe Turnpike, Trumbull, CT 06611. The Registered Agent for Oxford is the Corporation Trust Company whose address is 820 Bear Tavern Road, West Trenton, NJ 08628.

3. Air Ambulance is the assignee of all claims by Jewish Lifeline Network, Inc. d/b/a Vital One ("Vital One") against Oxford related to the medical transport service at issue pursuant to an Assignment of Claim executed on December 7, 2016.

4. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

5. Venue is proper in this District pursuant to 28 U.S.C. §1391.

## BACKGROUND FACTS

### A.  Air Transport Billing Procedures

6. Vital One is engaged in the business of providing medical transportation services, among which are furnishing, national and international, air ambulance and assisted medical travel to patients and their families, while also offering rapid response and established patient advocacy assistance to ease the burden of location and coordination of bedside-to-bedside transports.

7. In the event a person requires air ambulance evacuation and the person is covered by a health insurance plan (the "Plan") and the provider is not in the Plan's Network, Vital One utilizes the services of a third-party billing service, Air Ambulance, to obtain from the Plan or its Administrator:

    a. confirmation that the Plan is in effect and the person is covered by the Plan; and

    b. authorization from the Plan before the air evacuation is performed.

**B.     Link Media Group, LLC Group Health Insurance Plan with Defendant**

8.     At all times material, Link Media Group, LLC ("LMG") was on information and belief a New Jersey limited liability company located in West Caldwell, New Jersey.

9.     LMG purchased from Oxford and paid for group health insurance plan No. LMG 12949 for the period April 1, 2012 - December 1, 2013 (the "LMG Plan").

10.    The LMG Plan provided benefits for air and ground ambulance transportation for members of the LMG Plan and their dependents including the Cohen family, in the event of an emergency.

**C.     Emergency Air Evacuation of Baby C.C.**

11.    On September 4, 2013, while Mr. Eric Cohen and Mrs. Cohen were in Israel, Mrs. Cohen gave birth at Tel-Aviv Sourasky Medical Center to a premature baby girl (referred to as "C.C.").

12.    C.C. was born pre-maturely and the family was advised by a physician in Israel that the best hospital to treat C.C.'s condition was Boston Children's Hospital (located in Boston, Massachusetts), which is within Oxford's network and which UnitedHealthcare approved.

13.    The Cohen family contacted Vital One, which then contacted AAB. AAB, on behalf of Vital One, contacted the LMG Plan's Administrator, UnitedHealthcare and Oxford, to obtain authorization for the emergency air and ground transportation of C.C. from Tel-Aviv to Boston.

14.    The arrangements for emergency air transportation included: (1) leasing an aircraft with state-of-the-art medical equipment for intensive care; (2) staffing the aircraft with special personnel; and (3) arranging ground ambulances in Tel-Aviv and Boston.

2592617.2

**D.     AAB Obtained Confirmation of Coverage and Pre-Authorizations**

15.    In the period between October 3, 2013 and October 24, 2013, AAB, on behalf of Vital One, was in constant contact with representatives of UnitedHealthcare and Oxford, and obtained:

   a.   Confirmation that the LMG Plan was in effect and would pay for charges for the air and ground transportation of C.C. at usual and customary rates;

   b.   Pending Pre-authorization and superseding Pre-authorization for the air ambulance medical transportation of C.C. from the Tel Aviv Sourasky Medical Center to Boston Children's Hospital.

16.    On October 22, 2013 Oxford's medical director certified the emergency transportation of C.C., which meant that the transportation was a covered benefit under the LMG Plan, and asked Vital One to transport C.C. to Boston.

17.    In reliance on Oxford's representations, Vital One, among other things, leased an aircraft with state-of-the-art medical equipment for intensive care, staffed the aircraft with special personnel, arranged ground ambulances in Tel-Aviv and Boston, and transported C.C. and members of her family to Boston Children's Hospital.

**E.     October 24, 2013 Transportation of C.C.**

18.    On October 24, 2013, C.C. and members of the family were evacuated from Tel-Aviv Sourasky Medical Center, flown to Boston on the aircraft leased by Vital One, and were transported to the Boston Children's Hospital.

19.    Following the emergency evacuation, Oxford reached out to AAB and or Vital One to enter into a single case agreement ("SCA") to pay for the flight.

20. Vital One's Claim amount was $971,800.00, based upon the usual and customary charges in similar circumstances.

21. Oxford by and through UnitedHealthcare offered to pay only $97,500, approximately ten (10%) of the Claim. No reasonable justification was provided for Oxford's position.

**F.  Denial of Plaintiff's Claim**

22. After the air and ground transportation related services were provided to C.C. by Vital One, Oxford, refused to make any payment on the Claim. It was later learned that Oxford refused payment because it had retroactively cancelled the LMG Plan.

## FIRST COUNT
## (BREACH OF CONTRACT)

23. Plaintiff repeats and realleges each of the preceding allegations of the Complaint and incorporates same herein by reference.

24. Oxford's pre-authorization No. 100610447 constitutes a valid and binding contract to pay Vital One for the cost of the emergency evacuation and transportation of C.C. from Tel-Aviv, Israel to Boston, Massachusetts at the usual and customary rate charged by Vital One for such services.

25. The usual and customary charges for the services by Vital One in the emergency evacuation and transportation of C.C. total $971,800.00.

26. Oxford has breached its agreement with Vital One by refusing and failing to pay Vital One for its services rendered in the emergency evacuation and transportation of C.C. and her family

**WHEREFORE**, Plaintiff demands Judgment against Defendant, Oxford Health Plans (NJ), Inc., as follows:

A. Awarding compensatory damages in the amount of $971,800.00;

B. Awarding pre-judgment and post-judgment interest, attorney's fees and costs of suit; and

C. Granting such other relief as the Court deems equitable and just.

## SECOND COUNT

### (BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING)

27. Plaintiff repeats and realleges each of the preceding allegations of the Complaint and incorporates same herein by reference.

28. Implied in every contract is a covenant of good faith and fair dealing.

29. The Defendant's actions as set forth above breached the covenant of good faith and fair dealing.

**WHEREFORE**, Plaintiff demands Judgment against Defendant, Oxford Health Plans (NJ), Inc., as follows:

A. Awarding compensatory damages in the amount of $971,800.00

B. Awarding pre-judgment and post-judgment interest, attorney's fees and costs of suit; and

C. Granting such other relief as the Court deems equitable and just.

## THIRD COUNT

### (PROMISSORY ESTOPPEL)

30. Plaintiff repeats and realleges each of the preceding allegations of the Complaint and incorporates same herein by reference.

31. By its actions and conduct as aforesaid, Oxford made a clear and definite promise that it would pay Vital One for its services rendered in connection with the emergency evacuation and transportation of C.C. at its usual and customary rates.

32. The aforesaid representation and promise was made with the reasonable expectation that Vital One would rely thereon, and Vital One did reasonably rely upon the representation and promise to its detriment, in rendering the services for the emergency evacuation and transportation of C.C.

33. As a direct and proximate cause of the reasonable reliance upon Oxford's representation and promise, Vital One and Air Ambulance were damaged in the amount of $971,800.00.

**WHEREFORE**, Plaintiff demands Judgment against Defendant, Oxford Health Plans (NJ), Inc.:

A. Declaring that Plaintiff reasonably relied upon Defendant's representation to Plaintiff's detriment;

B. Awarding compensatory damages in the amount of $971,800.00;

C. Awarding pre-judgment interest, attorney's fees and costs of suit; and

D. Granting such other relief as the Court deems equitable and just.

## FOURTH COUNT
## (QUANTUM MERUIT)

34. Plaintiff repeats and realleges each of the preceding allegations of the Complaint and incorporates same herein by reference.

35. Based upon the Defendant's conduct set forth above, Plaintiff is entitled to the reasonable value of the services rendered in connection with the emergency evacuation and transportation of C.C. based upon quantum merit, quasi contract and/or contract implied by law.

**WHEREFORE**, Plaintiff demands Judgment against Defendant, Oxford Health Plans (NJ), Inc., as follows:

A. Awarding compensatory damages in the amount of $971,800.00;

B. Awarding pre-judgment and post judgment interest, attorney's fees and costs of suit; and

2592617.2

C.     Granting such other relief as the Court deems equitable and just.

## FIFTH COUNT
## (UNJUST ENRICHMENT)

36.    Plaintiff repeats and realleges each of the preceding allegations of the Complaint and incorporates same herein by reference.

37.    Defendant by its actions as aforesaid has been unjustly enriched.

**WHEREFORE**, Plaintiff demands Judgment against Defendant, Oxford Health Plans (NJ), Inc.:

A.     Awarding compensatory damages in the amount of $971,800.00;

B.     Awarding pre-judgment interest, attorney's fees and costs of suit; and

C.     Granting such other relief as the Court deems equitable and just.

## SIXTH COUNT
## (NEGLIGENT MISREPRESENTATION)

38.    Plaintiff repeats and realleges each of the preceding allegations of the Complaint and incorporates same herein by reference.

39.    Defendant had a duty to exercise reasonable care in communicating information with respect to pre-authorization of claims for emergency evacuation and treatment.

40.    Contrary to such duty, Defendant negligently communicated false and misleading information regarding the pre-authorization of the emergency evacuation and transportation of C.C.

41.    Vital One was justified in relying upon, and did rely upon the information provided by Defendant.

42.    As a direct and proximate cause of Defendant's negligence as aforesaid, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff demands Judgment against Defendant, Oxford Health Plans (NJ), Inc.:

8

A.  Awarding compensatory damages in the amount of $971,800.00 or such amount as shall be proven at trial;

B.  Awarding pre-judgment interest, attorney's fees and costs of suit; and

C.  Granting such other relief as the Court deems equitable and just.

## SEVENTH COUNT
## (DECLARATORY JUDGMENT)

43. Plaintiff repeats and realleges each of the preceding allegations of the Complaint and incorporates same herein by reference.

44. At the time the flight and ground services were provided to C.C., Defendant Oxford Health Plan (NJ) issued a health benefits policy that provided benefits to C.C. for, among other things, emergency air and ground transportation services.

45. At no time prior to the flight and ground services provided by Vital One did Defendant advise that C.C. was no longer eligible for coverage.

46. On information and belief, Defendant performed no audit of the health benefits policy prior to certifying the transportation services to C.C.

47. Only after the Defendant was aware that there would be claims for medical services submitted under the health benefits policy did the Defendant engage in an audit of the health benefits policy and C.C.'s eligibility.

48. On information and belief there was no or insufficient grounds for the Defendant to retroactively conclude that C.C. was not eligible for benefits at the time of the transportation services provided by Vital One.

49. At all times material C.C. was eligible for benefits pursuant to the health benefits policy issued by the Defendants for the benefit of C.C.

**WHEREFORE**, Plaintiff demands Judgment against Defendant, Oxford Health Plans (NJ), Inc.:

A. For declaratory judgment that at the time the emergency transportation services were provided to C.C. she was eligible for benefits under the health benefits policy issued by the Defendant.

B. For declaratory judgment that Defendant had no or insufficient basis to retroactively cancel the health benefits policy;

C. Granting such other relief as the Court deems equitable and just.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues contained in the Complaint.

## LOCAL CIVIL RULE 11.2 CERTIFICATION

The undersigned hereby certifies and declares that this matter in controversy in this action is not the subject of any other action pending in any other court or of any pending arbitration or administrative proceeding.

|  |  |
|---|---|
| Dated: March 2, 2018 | By:   /s/Robert E. Lytle  <br>Robert E. Lytle, Esq.  <br>**SZAFERMAN, LAKIND,**  <br>  **BLUMSTEIN & BLADER, P.C.**  <br>101 Grovers Mill Road, Suite 200  <br>Lawrenceville, New Jersey 08648  <br>Tele:  (609) 275-0400  <br>Fax:  (609) 275-4511  <br>*Attorneys for Plaintiff,*  <br>  *Air Ambulance Billing, LLC* |

2592617.2